State vs. Walker.

## No. 906.

### STATE OF LOUISIANA VS. J. WALKER ET AL.

A license-tax is demanded of the defendant, Walker, under act No. 14 of the acts of 1872. The third clause of the first section of that act requires a license-tax of fifty dollars to be paid to the State by "each keeper of a warehouse, cotton or lumber yard, or other place of public storage for hire."

It is shown by the evidence that the defendant has the usual appendage of all saw-mills doing any considerable amount of business, a scope of ground commonly called a lumber-yard, upon which the lumber sawed by the mill is stacked or piled in lots or parcels for sale, or for delivery of such parcels, where they have been sawed to fill bills previously furnished by customers. But it is also shown that the defendant does not keep lumber on storage for hire.

The construction placed by plaintiff upon the third clause of the first section of the act referred to is inadmissible. The expressions employed in the connection in which they are placed relatively to each other plainly indicate that the ware-house, cotton-yard, or lumber-yard to be subject to the license-tax must be "a place of public storage for hire."

APPEAL from the Parish Court, parish of Iberia. *Fontelieu*, J. *R. L. Belden*, District Attorney, for plaintiff and appellee. *J. A. Breaux*, for defendant and appellant.

TALIAFERRO, J. In this case the district attorney of the district, upon the relation of the tax-collector of the parish, proceeded by injunction against the defendants on the alleged ground that they failed and re-fused to pay when demanded from them the fifty-dollar-license-tax due the State and imposed by law upon the keepers of lumber-yards, the defendants being owners of a saw-mill and carrying on a large business in the lumber trade.

The defendants excepted to the right of the plaintiffs to seize and ad-vertise for sale their property, which it seems was done to enforce pay-ment of the license demanded from them. They answered at consider-able length, averring the illegality of the proceedings taken against them, denying that they are liable for the license-tax claimed from them, and allege damages suffered by them from the seizure of their property, the suspension of their business, and the expense incurred in attorney's fees to defend them. They pray a dissolution of the injunction, and for one hundred and seventy dollars damages, to be decreed *in solido* against the parties—the district attorney, tax-collector, and sheriff—officially and personally.

The judgment of the court below was rendered in favor of the State for fifty dollars license-tax against the defendant Walker, and costs of suit, with privilege on the property, and twenty per cent special dam-ages and five per cent attorney's fees. The suit was dismissed at the costs of the State as to the other defendant.

The defendant, Walker, has appealed.

We think the judgment erroneous. The license-tax is demanded of the defendant under the act (No. 14, acts of 1872, page 49) entitled an

act to provide a revenue and grant and collect licenses, etc., approved
fifth of March, 1872. The third clause of the first section of that act
requires a license-tax of fifty dollars to be paid to the State by "each
keeper of a warehouse, cotton or lumber yard, or other place of public
storage for hire."

It is shown by the evidence that the defendant has the usual appen-
dage of all saw-mills doing any considerable amount of business, a
scope of ground usually called a lumber-yard, upon which the lumber
sawed on the mill is stacked or piled in lots or parcels for sale, or for
delivery of such parcels where they have been sawed to fill bills previously
furnished by customers. But it is also shown that the defendant does not
keep lumber on storage for hire. Nobody deposits in his lumber-yard
lumber of their own to be kept on storage by him for hire or compensa-
tion. The construction placed by plaintiff upon the terms used in the
third clause of the first section of the act are inadmissible. The expres-
sions employed in the connection in which they are placed relatively to
each other plainly indicate that the warehouse, cotton yard, or lumber
yard, to be subject to the license-tax must "be a place of public storage
for hire."

It is therefore ordered that the judgment appealed from be annulled
and reversed, that the injunction be dissolved, that there be judgment
in favor of defendant, the plaintiff paying costs in both courts.